UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL WAYNE ARNOLD          :
                              :
v.                            :     C.A. No. 22-00158-WES
                              :
ASHBEL T. WALL, et al.        :

REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915. On April 13, 2022, Plaintiff Michael Wayne Arnold, a former state inmate, filed a hand-written pro se Complaint alleging "Assault, Libel and Slander." (ECF No. 1-2). Plaintiff sues former Corrections Director Ashbel T. Wall and an unidentified "Prison Guard." (ECF No. 1 at p. 2). Plaintiff alleges federal question subject matter jurisdiction but fails to identify any federal statutes or constitutional provisions allegedly violated. Id. at p. 3. Plaintiff's Complaint is accompanied by an Application to Proceed In Forma Pauperis without being required to prepay costs or fees, including the $402.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or

malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429

U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal without prejudice is required.

      A.      **Rules 8 and 10, Fed. R. Civ. P.**

Pursuant to Rule 8(a), a plaintiff must state his or her claims by way of a "short and plain statement of the claim showing that the pleader is entitled to relief."  In addition, Rule 10(b) requires that a party must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances."  The purpose of these Rules is to place the Court and the defendants clearly on notice as to what the plaintiff is claiming and who he is bringing those claims against.  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2nd Cir. 1988) (pleading must allege facts sufficient to allow defendants to prepare a defense against such claims).

In applying a Rule 12(b)(6) standard, the Court must accept as true all plausible factual allegations in the Complaint and draw all reasonable inferences in Plaintiff's favor.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  In so doing, the Court is guided by the now-familiar standard requiring the inclusion of facts sufficient to state a plausible claim for relief:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).  Put differently, for a complaint to survive a motion to dismiss, its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Applying this standard, Plaintiff's Complaint does not contain enough facts to state any plausible federal claims.  Plaintiff's allegations are scattered and unclear.  His Complaint is piecemeal and does not clearly set forth who did what and when.  Plaintiff's Complaint is unfortunately all over the place.

He initially claims vaguely that certain unidentified prison guards and state workers slandered him and harmed his effort to start a T-shirt business.  He alleges that he was assaulted by an African American prison guard but fails to identify the guard or the particular timeframe of the alleged assault.  He confusingly references a prior pro se action he unsuccessfully pursued in this Court in 2015.  See Arnold v. Wall, C.A. No. 15-00080-WES.  He claims that he presented his T-shirt designs to a company that took advantage of him in some unspecified way.  He further complains about being mistreated during an appearance in state court in December of 2021 but fails to identify any specific individuals or actions that would support any viable federal claims.  He appears to allege he was improperly charged with sexual assault by the Central Falls Police Department.  However, he brings no claims related to these events.  Finally, Plaintiff asks Attorney Elaine Brunetti to remove herself from all legal matters because she is not affording him "equal protection of the law," is leaving him "vulnerable," and he has "lost all confidence of [her] as a defense attorney."  Again, Plaintiff has made no viable claims regarding these requests and concerns.

In short, Plaintiff's allegations do not satisfy Rule 8(a) and fail to place Defendants sufficiently on notice to respond to Plaintiff's claims. His allegations are vague and disorganized and fail to present any viable federal claims.

Further, Plaintiff specifically sues former Director A.T. Wall but provides absolutely no factual allegations in his Complaint as to his alleged involvement in the subject matter of the Complaint. His allegations are without factual support and appear to be an unsupported attempt to impose supervisory liability. However, in a 42 U.S.C. § 1983 action, only direct, rather than vicarious, liability is available. See Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of a subordinate and the action or inaction of his supervisor…such that 'the supervisor's conduct led inexorably to the constitutional violation.'" Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

The lack of any specific allegations regarding former Director A.T. Wall fails to allege the affirmative link necessary to state a plausible claim of supervisory liability under § 1983. Plaintiff fails to adequately plead a factual basis for the required "affirmative link" needed to support any claim of supervisory liability as to former Director A.T. Wall.

**Conclusion**

For the reasons stated, Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend

that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to state any plausible federal claims for relief.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 31, 2022